### ADLER v. JOSEPH AUTLER CO. et al.

(Supreme Court, Appellate Term, First Department. March 10, 1913.)

TRIAL (§ 16*)—CALENDARS—ORDER OF HEARING CAUSES—PASSING CAUSE PENDING ENGAGEMENT OF COUNSEL.

Where the first of an attorney's two cases on the call calendar marked "Ready" was sent to another part for trial, the second case under the rules, providing that where counsel is actually engaged in the trial of a cause the case shall be passed for the day, could only be tried on the following day; and the attorney, on the settlement of the first case, could enter into a trial of a third case, and have the second case passed for a second day, and a prior order of dismissal by default must be opened on plaintiff's motion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 35½; Dec. Dig. § 16.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Meyer Adler against the Joseph Autler Company and others. From an order of the City Court of the City of New York, denying a motion to open the default of plaintiff, he appeals. Reversed.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Brody & Brinkman (Moses Feltenstein and Abraham Rosenstein, both of New York City, of counsel), for appellant.

Emanuel Jacobus, of New York City, for respondents.

LEHMAN, J. Plaintiff's attorney on December 9th had two cases on the call calendar marked "Ready." The first case was sent to another part for trial, and this case was held subject to counsel's engagement in the first case, and the court announced that it would be called the next day for final disposition. It appears that the case which was sent to another part for trial was settled, and counsel then entered upon the trial of another case in the federal court. On the call of the calendar on December 10th an affidavit that counsel was actually engaged in another case was presented to the court; but the court marked the case "Ready," and at the conclusion of the case then on trial ordered a dismissal. Plaintiff then moved to open his default, but the motion was denied.

The judge calling the calendar was entirely justified in insisting upon a speedy trial of the cases on the calendar; but, on the other hand, counsel had a right to presume that reasons which under the rules of the court require that a case be passed for the day would be accepted by the court. The rules provide that, where counsel is actually engaged in the trial of a cause, the case shall be passed for the day; but in no event shall a case be passed from day to day for this reason for more than two days. If the two cases had been sent to the same part for trial, the one case to follow the other, then upon the conclusion of the first case the trial judge would have had a right to insist upon the immediate trial of the second case. Where, however, the second case could only be tried on the following day, counsel had a right to enter into a trial in another case, and to have the case originally marked "Ready" passed for a second day. Counsel could not in the intervening time have refused to enter into the trial of another case, for he was not then actually engaged in the trial of another cause, and, having entered upon another trial, he was entitled to the protection afforded by the rules.

The order should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.